Cole, et al, v. Sater.

---

WILLIAM COLE, et al, Appellants, against ISAAC N. SATER, Respondent.

'APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

Under the old Garnishee Act, (*Stat. of Min. p.* 659,) the garnishee must be tried upon his disclosure, and cannot be contradicted. If his evidence leaves any doubt of his indebtedness, he must be discharged. If he denies any indebtedness, he has a right to have his defence decided by due course of law, and not in an informal and collateral proceeding.

Points and Authorities of Appellant.

*First.*—No person can be adjudged a garnishee by reason of any liability incurred as maker or otherwise upon any draft, bill of exchange, or promissory note. *Revised Stats. of Min. (Compiled)* 661, *sec.* 15; *Session Laws of* 1860, 247, *sec.* 7; *Hubbard vs. Williams,* 1 *Min.* 54; *Carson vs. Allen,* 2 *Chand.* (*Wis.*) 123; *Davis vs. Paulette,* 3 *Wis.* 300–306; *Rev. Stats. Wis.* 591, 592, *Evenson vs. Healy,* et al, 2 *Mass.* 32; *Maine Fire and Marine Ins. Co. vs. Weeks,* et al, 7 *Mass,* 438; *Perry vs. Coots, et al,* 9 *Mass.* 537; *Wood vs. Badwell, et al,* 12 *Pick.* 268.

*Second.*—The Statutes of Minnesota in force at the time of the commencement of this action, and since then, make full provision as to what disposition shall be made of promissory notes in the hands of a garnishee. *Comp. Stats. of Min.* 661, *sec.* 15; *Sess. Laws of* 1860, 250, *sec.* 18.

*Third.*—The Garnishee must be charged or discharged upon his own disclosure. He cannot be impeached or contradicted, and the Court, in making the decision, can take into consideration nothing outside of the answers of the garnishee. *Baker vs. Taber,* et al, 4 *Mass.* 81, see also *page* 272; *Stackpole vs. Newman,* 4 *Mass.* 84–86; *Harris vs. Langton,* 8 *Pick.* 67–69, *Comstock vs. Farnham,* 2 *Mass.* 96; *Kelley vs. Bowman and Trustees,* 12 *Pick.* 283; *Crossman vs. Crossman,* 21 *Pick.* 25; *Banning vs. Sibley,* 3 *Min.* 400.

*Fourth.*—If the facts stated by the garnishee leave a reasonable doubt as to whether he is owing the principal debtor, or has property in his hands or under his control belonging to such debtor, judgment should be rendered in favor of the garnishee. *Banning vs Sibley,* 3 *Minn.* 400; *Pioneer Printing Company vs. Sanborn, French & Lund,* 3 *Min.* 417.

Points and authorities of Respondent:

*First.*—The right disposition of this case necessarily involves the construction of our own remedial statutes regulating attachments by the garnishee process, and the application of such apposite rules of practice as shall be best suited, under our constitution, to uphold and enforce the remedy and secure its benefits, and not to leave the beneficial intent of the

remedy unattained from a scrupulous adhesion to any technical rules. 1 *Kent's Com* 514; *Drake on Attachments, sec.* 685, *p.* 86; 16 *Mass. Rep.* 473, *Hawthorn vs. Russell,* 478; 2 *Min. Rep.* 229, *Converse vs. Burrows, et al,* 240.

*Second.*—The garnishee process, though rather in the nature of "special proceedings," and so not governed strictly by the rules of practice under the Code, is nevertheless "to all practical intents and purposes, as between the Plaintiff and the garnishee assuming the attitude of a party litigant, an action with all its usual incidents and results; as parties to the action, they have day in Court—issues of fact may be tried by a jury, and issues of law by the Court—evidence may be adduced, judgment rendered, costs adjudged, and execution issued." *Drake on Attachments, sec.* 452, *p.* 442, *and numerous authorities from different States there cited; Con. of Min. art.* 1, *sec.* 4, *p.* 45; *Col. Stats., ch.* 80, *p.* 659; *Laws of* 1860, *ch.* 70, *p.* 246; 3 *Con.* 171, *Thompson vs. Stewart, p.* 182.

1st.—And being an action, as between the Plaintiff and garnishee, the proceedings, in the absence of statutory formula, should be conformed as far as practicable, *mutatis mutandis,* to the general symmetry of our judicial system. Thus, while the ordinary action is commenced by verified complaint and summons, where all the material allegations, not controverted by the answer, are taken to be admitted as true; the garnishee action is commenced by affidavit, in the nature of a complaint and summons, and it would seem, as a legal intendment and a logical sequence, that all material allegations of such complaining affidavit, not denied by the disclosing answer, should be regarded as admitted to be true. *Comp. Stats,, ch.* 80, *secs.* 2, 7, 22, *pp.* 660, 662. *See the affidavit and summons.*

2d.—Being an action, the cause is to be tried like other actions, upon the issue made by the pleadings; and such issue, when there is no statute or rule of Court to the contrary, is well raised and presented by the Plaintiff's complaint in the form of an affidavit and summons, and the garnishee's answer in the form of a disclosure—the one alleging and the other denying indebtedness to the principal Defendant, and thus the issue is reached without any formal reply: *Cushing's*

*Trus. Process, p.* 87, *sec.* 210;  8 *Pick. Rep.* 405, *Richards vs. Allen; in point, p.* 407;  *Comp. Stats., ch.* 80, *secs.* 1, 2, 7, 21, *p.* 659, 662;  10 *Pick.* 34, *Piper vs. Willard; Drake on Attach. sec.* 628.

BATCHELDER & BUCKHAM, Counsel for Appellants.

H. C. LOWELL, & Co., Counsel for Respondent.

*By the Court.*—FLANDRAU, J.   Sater sued Peter H. S. B. Chenoweth on a promissory note, and summoned the Defendants, Cole and Joseph E. Albough, as garnishees.   A referee was appointed to take and report the disclosures of the garnishees.   The disclosure of Cole shows that he had executed and delivered to the principal Defendant Chenoweth his promissory note for $360, November 14, 1857, due in one year, with interest at two per cent. per month.   Also that he had made one payment on the note of $91.90.   As the examination of Cole proceeded, it appeared that the note was given for the purchase price of certain lands conveyed by Chenoweth to Cole, and that Cole claimed that the consideration of the note had failed by Chenoweth not having title to the land conveyed.   It also appeared that part of the land conveyed to Cole by the Defendant Chenoweth was incumbered by a mortgage to Oliver Tripp, and that there was an agreement between Cole and Chenoweth that the debt due from Cole to Chenoweth on the note should be paid to Tripp, and endorsed upon the incumbrance, which amounted to over four hundred dollars. The garnishee Cole was examined at length touching these matters by the Plaintiff, and other witnesses were offered to disprove his statements, or destroy the effect of them as a defence to the note as against Chenoweth's creditor.

The garnishee, Joseph E. Albough, was sworn, and disclosed the fact that the note of Cole to Chenoweth had been pledged to him by Chenoweth to secure the payment of $18.50, and was then in his hands as such pledge.

Objections were interposed before the referee to the cross-examination of the garnishee Cole, and also by the attorney for Cole, to much of the examination that was had by the Plaintiff.

The cause came on for argument before the Judge of the District Court, on the 6th day of May, 1861, and the garnishee Cole alone appearing, moved the Court that the cause as between himself and the Plaintiff be determined upon his disclosure alone; and also to exclude as between Cole and the Plaintiff the disclosure of Albough, together with the testimony of Joseph E. Albough and Moses Albough, taken upon the examination before the referee.

The Court overruled all these motions, and heard the case upon the whole report of the referee.

The Plaintiff then offered in evidence the two deeds from Chenoweth to Cole, of the land for which the note was given, which were objected to, but received by the Court.

The counsel for Cole then offered to prove that Tripp had commenced to foreclose his mortgage for four hundred dollars against the land of Cole, and that Cole had been compelled to, and had paid the same, to relieve his land, &c. This was objected to by the Plaintiff, and ruled out by the Court.

The Court then ordered judgment against Cole for the amount due on the note, and against Albough, that he deliver the note to the Sheriff on payment by the Sheriff of his lien upon the same of $18.50 and interest, and directed the Sheriff to pay the same at the expense of the Plaintiff, and to file the note for cancellation, &c. The Court also awarded costs against Cole, to the amount of $20.82.

It is unnecessary to enter into any discussion of the rights of garnishees under our old Statute, since the cases of *Banning vs. Sibley*, 3 *Min. R.* 389; *Pioneer Print. Co. vs. Sanborn, French & Lund, Id.* 413; *Chase vs. North & Carll*, 4 *Min. R.* 381, decided in this Court. The whole subject has been fully considered, and it has been determined that the garnishee must be tried upon his disclosure, and cannot be contradicted, and that if his evidence leaves any doubt of his indebtedness, he must be discharged. In this case he sets up two defences to the note, and claims that both are reasons why he should not pay the note to Chenoweth or his creditors. Whether these defences, or either of them, are sufficient in the law to defeat a recovery upon the note, it is not necessary

to decide here, as that point could not be tried in the garnishee suit. In order to recover against a garnishee under the Statute, he must admit an indebtedness to the principal debtor; here he denies and disputes it, and has a right to have his defence, be it good or bad, decided by due course of law, and not in an informal and collateral proceeding. These rules apply to cases where the attempt is to charge the garnishee upon a simple debt not evidenced by a " note, bill, bond or other chose in action," and with much more force when the debt is so evidenced or secured. In the latter case the only judgment that can be rendered against the garnishee, even where he admits an indebtedness upon the instrument, is, that he shall deliver the same to the officer having the execution in the principal suit, whose duty it becomes to hold the same for the use of the Plaintiff, who may sue the maker, &c., upon the instrument, and in such suit any defence may be set up and properly disposed of. *Comp. Stats.* 661, *sec.* 15. It was never intended that the garnishee should be forced to make his defence without the aid of the usual trial at law by jury or otherwise, as he may elect. The statute of 1860, (*Sess. Laws,* *pp.* 244–248,) passed with direct reference to the decisions of this Court, upon the old act, instead of changing this rule, have rendered it more definite and certain. *Section 7* provides that " no person or corporation shall be adjudged a garnishee in either of the following cases, viz :   *    *   *Third.* By reason of any liability incurred as maker or otherwise, upon any draft, bill of exchange or promissory note." *Section* 9 declares that promissory notes are " effects" under the act. *Section* 18 provides that " effects" in the hands of a garnishee shall be delivered to the officer holding the execution, to be sold by the officer in the same manner as if he had taken them upon execution.

The judgment against Cole was unauthorized under the old or the new act, and must be reversed.

The judgment against the garnishee Albough, requires a slight modification. It requires the Sheriff to pay to the garnishee the amount of his lien upon the note, at the expense of the Plaintiff. The Statute says the Plaintiff may be allowed,

under a special order of the Court, to pay off the lien, &c. This is perhaps an unimportant matter, but the judgment of the Court seems to direct the Sheriff to advance the money for the Plaintiff, which cannot be required of him.

Ordered accordingly.